WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC<br><br>**CASE MANAGEMENT ORDER NO. 50** |

Pursuant to Case Management Order ("CMO") No. 49, Plaintiffs' counsel – Matthews & Associates and Freese & Goss – have filed a final status report identifying cases previously dismissed without prejudice that are now (1) ripe for reinstatement in this MDL and transfer to their home districts, or (2) subject to dismissal with prejudice for failure to prosecute. *See* Docs. 21778, 21967, 22012. The Court will reinstate the dismissed cases listed on Attachment A. *See* Doc. 22012-2.[1] The Court will dismiss the cases listed on Attachment B with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See* Doc. 22012-1.

**A. Cases to Be Reinstated.**

In December 2020, the parties filed a status report identifying previously dismissed cases that were ripe for reinstatement. Doc. 21750; *see also* Docs. 21740 (CMO 48), 21776 (updated status report). A number of cases had been voluntarily dismissed without prejudice and without being settled, the parties having entered into a tolling agreement so they could continue settlement discussions outside the confines of this MDL. *See*

---

[1] After reinstatement, the Court will issue a separate order transferring these cases to appropriate districts for further litigation consistent with the MDL.

1  Doc. 21526 at 1-2. Some Plaintiffs in these cases have since opted out of the proposed
2  settlements. *See id.* Because CMO 42 – which governs the settlement process in this
3  MDL – does not permit cases that have failed to settle to be dismissed from the MDL
4  without prejudice only to be refiled as new cases, the Court concluded that the dismissal
5  orders in these opt-out cases must be vacated and the cases reinstated in the MDL. *See*
6  Docs. 16343, 21527, 2154.

7  In CMO 49, the Court reinstated more than 150 previously dismissed opt-out cases.
8  Doc. 21778 at 2, 21778-1. Counsel have now identified an additional 19 dismissed cases
9  in which the Plaintiffs have opted out of the settlement. Docs. 22012 at 1, 22012-2. Those
10 cases, which are listed on Attachment A, will be reinstated in the MDL and then sent to
11 their home districts for further litigation consistent with the MDL.

12 **B.     Cases to Be Dismissed with Prejudice Under Rule 41(b).**

13 On January 27, 2021, a telephonic status hearing was held to address 200 dismissed
14 cases in which the Plaintiffs either cannot be located, are not responding to counsel's
15 inquiries, are deceased with no known heirs, or had not yet made a decision on the offered
16 settlements. *See* Docs. 21734, 21777. The Court gave counsel until March 15, 2021 to
17 locate, contact, and secure settlement decisions from these Plaintiffs. Doc. 21778 at 2.
18 Counsel agreed that the Court should dismiss with prejudice any cases in which, by
19 March 15, the Plaintiffs or their heirs cannot be located, the Plaintiffs remain
20 nonresponsive, or the Plaintiffs fail to make a settlement decision. *See id.*

21 A telephonic status hearing was held March 19 to discuss counsel's updated status
22 report. *See* Docs. 21962, 21967. Counsel stated that there remain 129 dismissed cases
23 without settlement decisions. Doc. 21962 at 2. The Court denied counsel's request for an
24 additional 60 days to locate and obtain settlement decisions from the Plaintiffs in these
25 cases. Doc. 21967 at 1. The Court stood by the March 15 deadline because two years has
26 been ample time to locate the Plaintiffs and give them the opportunity to accept or opt out
27 of the settlement. *Id.*

28

Counsel have now filed a status report identifying the cases in which the Plaintiffs or their heirs still cannot be located or where the Plaintiffs remain nonresponsive to counsel's inquiries. Doc. 22012 at 1, 22012-1. Pursuant to Rule 41(b), the Court will dismiss these cases with prejudice for failure to prosecute.

Rule 41(b) authorizes the Court to dismiss a case where the plaintiff "fails to prosecute or to comply with these rules or a court order." The Ninth Circuit has developed a five-part test to determine whether a dismissal sanction is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citations omitted). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *Id.* (quoting *Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

### 1. Expeditious Resolution of Litigation.

"As the first of the Federal Rules of Civil Procedure reflects, the public has an overriding interest in securing 'the just, speedy, and inexpensive determination of every action.'" *Id.* at 1227 (quoting Fed. R. Civ. P. 1).[2] "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.*

More than two years ago – on March 21, 2019 – the Court accepted the parties' proposed settlement schedule and advised them that the Court "does not intend to delay remand or transfer of MDL cases after a reasonable opportunity to settle." Doc. 16343 at 5 (CMO 42). The Court set a stipulated dismissal deadline of May 1, 2020 for settled cases.

---

[2] There is no MDL exception to Rule 1. Indeed, Congress has directed MDL judges "to promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

*Id.* at 7. The Court later extended the May 1 deadline to November 2, 2020, and then again to March 15, 2021. Docs. 21518, 21740.

The Plaintiffs identified in counsel's status report have had ample time to either accept or opt out of the settlement. The failure to make a timely settlement decision has prevented the expeditious resolution of their cases. This factor weighs in favor of dismissal under Rule 41(b). *See Phenylpropanolamine*, 460 F.3d at 1234 (affirming a dismissal sanction where the district court had "observed that many of the cases subject to its dismissal order had been pending for close to, or over, a year without forward movement, and that such lack of diligence does not serve the public interest in expeditious resolution of litigation").

### 2. Docket Management.

"A district judge charged with the responsibility of 'just and efficient conduct' of the multiplicity of actions in an MDL proceeding must have discretion to manage them that is commensurate with the task. The task is enormous, for the court must figure out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality. . . . [T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *Id.* at 1231 (citations omitted).

The Court closed this MDL to new cases nearly two years ago. Doc. 18079. As noted, the Court initially set a May 1, 2020 deadline for settlement decisions in all pending cases, and later extended the deadline to March 15, 2021. *See* Docs. 16343, 21518, 21740. The time has come to conclude the MDL, and for the remaining non-settled MDL cases to be sent to their home districts for further litigation or to be dismissed with prejudice. *See* Doc. 21740 at 2.

### 3. Prejudice to Defendants.

A defendant suffers unfair prejudice where the plaintiff "impair[s] the defendant's ability to go to trial or threaten[s] to interfere with the rightful decision of the case." *Phenylpropanolamine*, 460 F.3d at 1227. Defendants in this case clearly are prejudiced by

Plaintiffs' failure to make a settlement decision or prosecute their claims. This factor weighs in favor of dismissal.

### 4. Dispositions on the Merits.

The Ninth Circuit has "often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *Id.* (citation omitted). But a case that "is stalled or unreasonably delayed by a party's failure to [prosecute] cannot move forward toward resolution on the merits." *Id.* Thus, this factor "lends little support" to Plaintiffs – "whose responsibility it is to move [their cases] toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*; *see also id.* at 1234 ("[In an MDL] proceeding such as this, where the plaintiffs themselves prevent their cases from moving forward, the public policy favoring resolution on the merits cannot weigh much, if at all, in their favor.").

### 5. Availability of Less Drastic Sanctions.

In CMO 42, the Court expressed serious concerns about MDL cases being dismissed without prejudice and with the prospect of later being refiled as new cases. Doc. 21527 at 2. First, if an MDL case is dismissed without prejudice and the Plaintiff files a new case later, the new case will not have been part of this MDL and the Court's and parties' extensive work on common issues will not be law of the case. Nor will the judge in the new case have the benefit of the lengthy explanatory order prepared by the Court about the MDL or the designation of records prepared by the parties. *See, e.g.*, Doc. 19899. Second, the Court made clear in CMO 42 that it required the parties to achieve settlement or face remand or transfer, but the parties sought instead to avoid the Court's requirement by dismissing cases without settlement and without prejudice to refiling under a tolling agreement.

The Court has concluded that the cases in which the Plaintiffs have been nonresponsive or where they or their heirs cannot be located should be dismissed with prejudice. *See* Docs. 21778, 21967. Plaintiffs' counsel have agreed to dismissals with prejudice in these cases. *See* Doc. 21778 at 2.

**6.      Rule 41(b) Summary.**

The first three factors for determining whether a dismissal sanction is appropriate – expeditious resolution of the litigation, the Court's need to manage its docket, and prejudice to Defendants – weigh in favor of dismissal. *See Taylor v. Wal-Mart Corp.*, No. CV14-1034-PHX-DGC, 2014 WL 3864541, at *1 (D. Ariz. Aug. 6, 2014) ("[T]he first, second, and third factors favor dismissal. Plaintiff's failures to . . . communicate[] or obey court deadlines . . . prevent the case from proceeding in the foreseeable future."). The fourth factor – the policy favoring disposition of the cases on the merits – weighs only slightly, if at all, against a dismissal sanction because the cases cannot be resolved on the merits where the Plaintiffs have failed to prosecute their claims. With respect to the fifth factor, the Court finds that dismissal with prejudice is the only justifiable sanction for the Plaintiffs' failure to prosecute. *See Taylor v. United States*, No. CV-09-2393-PHX-DGC, 2010 WL 2836953, at *1 (D. Ariz. July 19, 2010) (dismissing case with prejudice given that "additional extensions of time would likely elicit the same lack of response" from the plaintiff).

**IT IS ORDERED:**

1.      The dismissal orders in the cases listed on Attachment A are **vacated** (*see* Doc. 22012-2). The Clerk is directed to **reinstate** each case in this MDL.

2.      The cases listed on Attachment B (*see* Doc. 22012-1) are **dismissed with prejudice**.

Dated this 14th day of April, 2021.

David G. Campbell
Senior United States District Judge

- 6 -

*In Re Bard IVC Filter Products Liability Litigation,* **No. MDL 15-2641**

**CASE MANAGEMENT ORDER NO. 50**
**Attachment A – Cases To Be Reinstated and Transferred**

**(April 14, 2021)**

| Plaintiff | Current Case Number | Transferee Court |
|---|---|---|
| Trammell, Joseph | 2:19-cv-03782-PHX-DGC | Ark. E.D. |
| Dominguez, Dora | 2:18-cv-01488-PHX-DGC | Cal. C.D. |
| Wetzel, David J. | 2:19-cv-03719-PHX-DGC | Cal. C.D. |
| Johnson, Janice L. | 2:16-cv-03899-PHX-DGC | Cal. E.D. |
| Vincent, Patrick E. | 2:18-cv-03807-PHX-DGC | Fla. M.D. |
| Barrett, Lori | 2:17-cv-04481-PHX-DGC | Iowa |
| Przykucki, Robert | 2:19-cv-03736-PHX-DGC | Mich. E.D. |
| Lashley, Ken | 2:18-cv-01646-PHX-DGC | Mo. E.D. |
| Powell, Mylus | 2:19-cv-04072-PHX-DGC | Mo. E.D. |
| Leus, George | 2:15-cv-01623-PHX-DGC | Mo. W.D. |
| Miller, Linda | 2:17-cv-00370-PHX-DGC | Mo. W.D. |
| Braden, Kevin | 2:17-cv-00047-PHX-DGC | Mont. |
| Narayan, Ashwin A. | 2:16-cv-00617-PHX-DGC | Ohio S.D. |
| Dobson, Delores | 2:17-cv-04311-PHX-DGC | Okla. N.D. |
| Janes, Debora L. | 2:16-cv-03899-PHX-DGC | S.D. |
| Schaaf, Julie A. | 2:18-cv-03784-PHX-DGC | Tenn. W.D. |
| Stansell, Jason | 2:17-cv-01079-PHX-DGC | Tex. E.D. |
| Langley, Shana | 2:19-cv-03765-PHX-DGC | Va. E.D. |
| Weatherford, Garry | 2:19-cv-03779-PHX-DGC | Va. W.D. |

## *In Re Bard IVC Filter Products Liability Litigation,* No. MDL 15-2641
### CASE MANAGEMENT ORDER NO. 50
### Attachment B – Cases To Be Dismissed With Prejudice
### (April 14, 2021)

| | |
|---|---|
| Billy C. Adams | CV18-03355-PHX-DGC |
| Jacqueline Z. Allen | CV18-02840-PHX-DGC |
| Sandra Andrus | CV18-04549-PHX-DGC |
| Luanne K. Aviles | CV19-00621-PHX-DGC |
| Gary Barber | CV17-04064-PHX-DGC |
| William H. Blake | CV17-04309-PHX-DGC |
| Michelle M. Blythe | CV18-04335-PHX-DGC |
| Eugene Bowski | CV17-04174-PHX-DGC |
| Margaret Brazeale | CV16-03789-PHX-DGC |
| Bobbie E. Brechbill as PR for Donald E. Brechbill | CV19-00654-PHX-DGC |
| Don Brenner | CV18-00105-PHX-DGC |
| Tamesha Brooks | CV17-03170-PHX-DGC |
| Cheryl Brown | CV17-03672-PHX-DGC |
| Dena Brumfield | CV17-00416-PHX-DGC |
| Merloren V. Butts | CV17-03257-PHX-DGC |
| James D. Byirt | CV17-03716-PHX-DGC |
| Gibson A. Cameron, III | CV19-02445-PHX-DGC |
| Nellie Campbell | CV17-04191-PHX-DGC |
| John Carter | CV17-03635-PHX-DGC |
| Ronald Coleman | CV18-03530-PHX-DGC |
| David Cox | CV18-01859-PHX-DGC |
| Jeffrey Curtis | CV18-00101-PHX-DGC |
| Christopher W. Cusak | CV18-04472-PHX-DGC |
| George Davis | CV18-04507-PHX-DGC |
| James Davis, Jr. | CV19-00810-PHX-DGC |
| Kimberly A. Davis | CV18-04625-PHX-DGC |
| Anthony Deanda | CV17-04254-PHX-DGC |
| Gisela B. Deason | CV19-00631-PHX-DGC |
| Brad V. DeMeere | CV18-03539-PHX-DGC |
| Ben Dickerson, Jr. | CV17-01244-PHX-DGC |
| Michelle Draper as PR for Stacy Draper | CV17-02646-PHX-DGC |
| Veronda J. Dunlap | CV17-03333-PHX-DGC |
| Steven Dyson | CV17-02811-PHX-DGC |
| Gordon Eric Edelmann | CV16-03163-PHX-DGC |
| Vincent M. Fazio | CV19-01031-PHX-DGC |
| Linda Foote | CV18-03647-PHX-DGC |
| Steve Frey | CV17-04144-PHX-DGC |

## *In Re Bard IVC Filter Products Liability Litigation,* No. MDL 15-2641
### CASE MANAGEMENT ORDER NO. 50
### Attachment B – Cases To Be Dismissed With Prejudice
### (April 14, 2021)

| | |
|---|---|
| Hilda Garcia | CV18-03707-PHX-DGC |
| Shacora R. Gardner-Chasen | CV19-00637-PHX-DGC |
| Marie Gaston-Jefferson | CV19-02973-PHX-DGC |
| Jerri L. Gordon | CV19-03008-PHX-DGC |
| Veronica Gordon | CV16-02056-PHX-DGC |
| Louise Greene | CV17-00011-PHX-DGC |
| Jacqueline Hamilton | CV16-01885-PHX-DGC |
| Shrell Harris | CV17-04190-PHX-DGC |
| Susan Hobbs | CV17-04178-PHX-DGC |
| Dover Jackson | CV18-01607-PHX-DGC |
| Lisa Jenks | CV19-02475-PHX-DGC |
| Sheliba Jiles | CV19-00470-PHX-DGC |
| Clifford Jones | CV17-03846-PHX-DGC |
| Andera King | CV19-04007-PHX-DGC |
| Pierre J. Lacroze | CV17-03020-PHX-DGC |
| Michael Lance | CV16-03395-PHX-DGC |
| Timothy Leanier | CV19-02654-PHX-DGC |
| Anthony B. Lewis | CV17-03595-PHX-DGC |
| Benjamin Lewis | CV17-01279-PHX-DGC |
| Matthew W. Lightbody | CV18-04486-PHX-DGC |
| Carmen Madrid | CV19-00112-PHX-DGC |
| Diane Makosky | CV19-03206-PHX-DGC |
| Richard G. Man | CV17-03258-PHX-DGC |
| Doris A. Martin | CV18-03704-PHX-DGC |
| Robin Meininger | CV19-04012-PHX-DGC |
| Michael Melton | CV19-02454-PHX-DGC |
| Michelle K. Messner | CV18-04581-PHX-DGC |
| Michael Miller and Judie Miller | CV18-02195-PHX-DGC |
| Maria Muniz and Jose Perez | CV16-02088-PHX-DGC |
| Mildred Myers | CV18-04448-PHX-DGC |
| Ray W. Neal | CV17-01162-PHX-DGC |
| JoAnn E. Neff and William Neff | CV17-01165-PHX-DGC |
| Marianne Nissen | CV17-03622-PHX-DGC |
| Carol S. Perella | CV19-00665-PHX-DGC |
| Karla Powell-Barbosa | CV17-02695-PHX-DGC |
| Brent A. Querry | CV17-03673-PHX-DGC |
| Natalia A. Rebollo | CV17-03791-PHX-DGC |

## *In Re Bard IVC Filter Products Liability Litigation,* No. MDL 15-2641
### CASE MANAGEMENT ORDER NO. 50
### Attachment B – Cases To Be Dismissed With Prejudice
### (April 14, 2021)

| | |
|---|---|
| Joe Reed | CV19-01965-PHX-DGC |
| Lisa Reynolds | CV19-04075-PHX-DGC |
| Schwann Richardson | CV17-04267-PHX-DGC |
| Fiordalisa Salcedo | CV17-00621-PHX-DGC |
| Jered J. Salmon | CV16-00196-PHX-DGC |
| Edward Scott | CV19-00065-PHX-DGC |
| Ardelia Sellars | CV19-01928-PHX-DGC |
| Margie W. Shaw | CV18-01782-PHX-DGC |
| Norman Shedd | CV18-04049-PHX-DGC |
| James Singleton | CV18-03945-PHX-DGC |
| Brandi Sitar | CV17-03848-PHX-DGC |
| Christopher R. Smith | CV17-04185-PHX-DGC |
| Helen Douglas Smith | CV16-04124-PHX-DGC |
| Lisann St. Clair | CV19-03108-PHX-DGC |
| Amy Stokes | CV19-02451-PHX-DGC |
| Kristina Strickland | CV18-03802-PHX-DGC |
| Aaron Sydnor | CV17-00233-PHX-DGC |
| Michael Taylor | CV17-02987-PHX-DGC |
| Ella M. Tervasi | CV18-04416-PHX-DGC |
| Stephen E. Tessier | CV17-04365-PHX-DGC |
| Felicia Thomas | CV19-00325-PHX-DGC |
| Nicole Thomas | CV18-00402-PHX-DGC |
| Rosilyn R. Thomas | CV19-00596-PHX-DGC |
| Deborah Thompson | CV19-01377-PHX-DGC |
| Mike H. Thompson | CV18-03890-PHX-DGC |
| Dudley F. Turpin | CV17-03080-PHX-DGC |
| Quanita Underwood and Robert Underwood | CV16-00614-PHX-DGC |
| James Urgo | CV17-04470-PHX-DGC |
| Michael Van Holt | CV19-04287-PHX-DGC |
| Linda G. Vargas | CV18-03937-PHX-DGC |
| Shayla Wadsworth | CV18-02741-PHX-DGC |
| Anita Wagner | CV19-00862-PHX-DGC |
| Jamie Wagner as PR for Sally R. Wagner | CV18-03388-PHX-DGC |
| Paul M. Walker | CV17-04411-PHX-DGC |
| Cassandra Waller | CV17-04266-PHX-DGC |
| Jamie Wenger | CV18-00983-PHX-DGC |
| Antwoin Weston | CV18-03852-PHX-DGC |

## *In Re Bard IVC Filter Products Liability Litigation*, No. MDL 15-2641

**CASE MANAGEMENT ORDER NO. 50**
**Attachment B – Cases To Be Dismissed With Prejudice**

**(April 14, 2021)**

| | |
|---|---|
| James D. White | CV18-03788-PHX-DGC |
| Tonya White Mountain | CV18-01962-PHX-DGC |
| Nancy Will | CV16-02195-PHX-DGC |
| Verdia Williams | CV18-03998-PHX-DGC |
| Cora Williford | CV17-02201-PHX-DGC |
| Otis Woods | CV17-04677-PHX-DGC |
| Karen Wysinger | CV17-03921-PHX-DGC |
| Sidney Young | CV18-04498-PHX-DGC |